

FILED
CLERK, U.S. DISTRICT COURT

MAR - 3 2026

CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN JESUS GONSALEZ,<br><br>Defendant. | Case No. 26-MJ-1188<br><br>ORDER OF DETENTION<br><br>[18 U.S.C. § 3148(b), 3143(a)] |

## I.

On March 3, 2026, Defendant appeared before the Court on the Petition for Violation of Pretrial Release Conditions and arrest warrant, filed on January 24, 2024, in the United States District Court for the Southern District of California. Deputy Federal Public Defender Jelani Lindsey was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Christopher Jones. A detention hearing was held.

The Court has reviewed the files and records in this matter, including the Petition for violations of conditions of pretrial release, dated January 24, 2024, and the recommendation, by the Probation and Pretrial Services Officer, that Defendant be detained.

The Court finds, pursuant to 18 U.S.C. § 3148(b), as follows:

Based on the factors set forth in 18 U.S.C. § 3142(g), there is no longer any condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court has taken into account the allegations of Defendant's noncompliance with the conditions of pretrial release, as alleged in the petition, which include relocating his address without permission and notification and failing to contact U.S. Probation such that his whereabouts were unknown, and his history of non-compliance with conditions of release to include failing to provide proof of employment and clear state matters. The Court rejects Defendant's request for release on a $25,000 bond signed by the Defendant's father and release to the third party custody of his father, noting that the previous bond posted by Defendant's father did not prevent Defendant from absconding from supervision. The Defendant's father is not a suitable surety because, having been notified by Pretrial Services that Defendant had failed to report and that his whereabouts were unknown, when he became aware of Defendant's whereabouts, he failed to report this information to Pretrial Services.

Thus, the Court finds that there is <u>now</u> a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release.

2

The Court finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the Southern District of California to appear for his next court appearance date.

The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled date, and provide this information to Defendant's counsel in order to monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.

Dated: March 3, 2026

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

3